UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                               :
ERIC LIESER,                                   :      CASE NO. 5:10-CV-2314
                                               :
            Petitioner,                        :
                                               :
vs.                                            :      OPINION & ORDER
                                               :      [Resolving Doc. 1]
MICHELLE MILLER, Warden,                       :
                                               :
            Respondent.                        :
                                               :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Eric Lieser petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [Doc. 1.] Magistrate Judge Knepp filed a Report and Recommendation ("R&R"), concluding that Lieser's Petition should be denied. [Doc. 12.] Petitioner objects and says the state trial court violated his Confrontation Clause Rights. [Doc. 19.] The Court concludes that the state court did not violate clearly established federal law, **ADOPTS** the R&R, and **DENIES** Lieser's Petition.

I.

Neither Petitioner nor Respondent objects to the state appellate court's recitation of the facts, *Ohio v. Lieser*, 2009 WL 1483149, *1 (Ohio App. Ct. 2009); [Doc. 5-1 at 121-22], so the Court adopts those factual and procedural recitations. Accordingly, only a brief background summary is necessary. On October 1, 2007, a Stark County Grand Jury indicted Lieser on one count of robbery. On November 19, 2007, Lieser filed a motion for a determination of his mental competency to stand trial. Upon examination of a mental competency finding, the trial court ordered Lieser to enter

-1-

Case No. 5:10-CV-2314
Gwin, J.

Heartland Behavioral Healthcare Center ("Heartland") for the purpose of restoring his competency.

On March 3, 2008, the court held a second competency hearing and found Lieser competent to stand trial. The court relied on a report completed by doctors from Heartland, but the doctors did not appear or testify at the hearing. The case proceeded to a bench trial, and the court found Lieser guilty of robbery. The court sentenced Lieser to four years in prison.[1]

Lieser unsuccessfully appealed his conviction to the state appellate court and the Ohio Supreme Court denied leave to appeal. *Lieser*, 2009 WL 1483149; [Doc. 5-1, at 182]. Now Lieser alleges a violation of his rights under the Sixth and Fourteenth Amendments. According to Lieser, "the trial court violated his right to confront the witnesses against him when it admitted into evidence the written report of a non-testifying expert."[2] [Doc. 1.]

II.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that a district court shall not issue the writ of habeas unless a state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see also Williams v. Taylor*, 529 U.S. 362, 387 (2000) (Section 2254(d) requires federal courts "to give state courts' opinions a respectful reading, and to listen carefully to their conclusions, but when the state court addresses a legal question, it is the law as determined by the Supreme Court of the United States that prevails." (citation omitted)).

III.

Lieser says his right to confront witnesses was violated when he was denied the opportunity

---

[1] Lieser is currently out of prison on supervised release.

[2] Both parties agree, and therefore the Court assumes, that the current objection is not procedurally barred.

Case No. 5:10-CV-2314
Gwin, J.

at his second competency hearing to cross-examine the doctors who prepared the Heartland report.[3/] [Doc. 1.] But there is no "clearly established Federal law as determined by the Supreme Court of the United States" extending the Confrontation Clause to a defendant's pretrial competency hearings. 28 U.S.C. § 2254(d)(1). The Supreme Court *has* described the Confrontation Clause as a trial right. *Barber v. Page*, 390 U.S. 719, 725 (1968) ("[t]he right to confrontation is basically a trial right"); *California v. Green*, 399 U.S. 149, 157 (1970) ("Our own decisions seem to have recognized at an early date that it is this literal right to 'confront' the witness at the time of trial that forms the core of the values furthered by the Confrontation Clause"); *Pennsylvania v. Ritchie*, 480 U.S. 39, 53 (1987) (a plurality of the Court emphasized that as long as defendants get the opportunity to cross-examine witnesses at trial, the confrontation right is satisfied and the Confrontation Clause does not require "the pretrial disclosure of any and all information that might be useful in contradicting unfavorable testimony."). But the Court *has not* extended the confrontation right to pretrial competency hearings, such as Lieser's second competency hearing.

In fact, other courts are split on the issue. Some courts have found that the Confrontation Clause does apply to certain pretrial hearings. *See, e.g.*, *United States v. Hodge*, 19 F.3d 51, 53 (D.C. Cir. 1994); *United States v. Green*, 670 F.2d 1148, 1154 (D.C. Cir 1981); *State v. Sigerson*, 282 So.2d 649, 651 (Fla. Dist. Ct. App. 1973); *People v. Sammons*, 478 N.W.2d 901, 907 (Mich. Ct. App. 1991); *Village of Granville v. Graziano*, 858 N.E.2d 879, 883 (Ohio Mun. Ct. 2006); *Curry v. State*, 228 S.W.3d 292, 297 (Tex. App. 2007). And other courts have held the Confrontation Clause is only a trial right that does not apply to pretrial hearings. *See, e.g.*, *People v. Felder*, 129

---

[3/]Lieser also objects to the Magistrate's conclusion that the Heartland report does not constitute testimony. [Doc. 19 at 3.] For the sake of Lieser's argument, the Court assumes, without deciding, (as did the Magistrate) that the report is testimonial.

Case No. 5:10-CV-2314
Gwin, J.

P.3d 1072, 1073–74 (Colo. Ct. App. 2005); *Gresham v. Edwards*, 644 S.E.2d 122, 124 (GA. 2007); *State v. Sherry*, 667 P.2d 367, 376 (Kan. 1983); *State v. Harris*, 998 So.2d 55, 56 (La. 2008); *State v. Daly*, 775 N.W.2d 47, 66 (Neb. 2009); *Sheriff v. Witzenburg*, 145 P.3d 1002, 1006 (Nev. 2006); *State v. Rivera*, 192 P.3d 1213, 1216 (N.M. 2008); *People v. Brink*, 818 N.Y.S.2d 374, 374–75 (App. Div. 2006); *State v. Woinarowicz*, 720 N.W.2d 635, 641 (N.D. 2006); *Graves v. State*, 307 S.W.3d 483, 489 (Tex. App. 2010); *State v. Timmerman*, 218 P.3d 590, 594–95 (Utah 2009).

In his objections to the Magistrate's Report and Recommendation, Lieser says three Supreme Court cases support his view that the right to confront witnesses applies at competency hearings. *See Kentucky v. Stincer*, 482 U.S. 730 (1987) (analyzing the issue of whether a defendant's right to confront witnesses was violated when he was excluded from an in-chambers hearing to determine the competency of two child witnesses without making a distinction between pretrial and trial procedure); *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996) ("Competence to stand trial is rudimentary, for upon it depends the main part of those rights deemed essential to a fair trial, including the right to effective assistance of counsel, the rights to summon, to confront, and to cross-examine witnesses, and the right to testify on one's own behalf or to remain silent without penalty for doing so."); and *Pate v. Robinson*, 383 U.S. 375 (1966) (holding that the centrality of the right to be competent requires that, as a matter of procedural due process, state procedures must be adequate to protect this right).

But these cases fall short of "clearly established Federal law."  First, it is true that in *Stincer* a majority of the Court chose to analyze whether the Confrontation Clause applied to pretrial hearings without making a distinction between trial and pretrial.  But the Court concluded that excluding the defendant from the competency hearings of two potential witnesses did *not* violate the

Case No. 5:10-CV-2314
Gwin, J.

Confrontation Clause.  482 U.S. 730.  Second, *Cooper* merely reiterates that a defendant must be competent to stand trial because competence will affect a defendant's ability to cross-examine witnesses at a trial.  517 U.S. at 354.  Finally, *Pate* does not clearly establish any proposition of law regarding confrontation rights:  The Court held that an adequate hearing on the issue of a defendant's competency was constitutionally required given the amount of evidence produced showing the defendant's incompetency.  383 U.S. at 838, 842.

"Under AEDPA, if there is *no* 'clearly established Federal law, as determined by the Supreme Court' that supports a habeas petitioner's legal argument, the argument must fail." *Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005) (citing 28 U.S.C. § 2254(d)(1)).  As Lieser has identified no "clearly established Federal law" extending the Confrontation Clause to a defendant's pretrial competency hearing, his argument fails.

### III.

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **DENIES** Lieser's petition for a writ of habeas corpus.  Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and no basis exists upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.


Dated: August 2, 2012                                s/     *James S. Gwin*
                                                    JAMES S. GWIN
                                                    UNITED STATES DISTRICT JUDGE